IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW DIERSSEN,

    Plaintiff,                             No. 2:13-cv-01161-KJM-KJN

   vs.

SPECIALIZED LOAN SERVICING LLC,

    Defendants.                     <u>ORDER</u>

         Plaintiff filed a complete motion for an ex parte temporary restraining order in the above-captioned action on June 11, 2013. (ECF 5.) The court decided the motion without a hearing. For the reasons stated below, plaintiff's motion is GRANTED. Defendant is temporarily enjoined from conducting a trustee's sale of plaintiff's home.

I.    FACTUAL BACKGROUND

         Plaintiff is mortgagor and resident of a home located at 30 Lido Circle, Sacramento, California, APN 079-0382-009-0000. (Decl. of Andrew Dierssen ¶ 1, "Dierssen Decl.," ECF 8.) Defendant acquired the note against plaintiff's home in the fall of 2012. (Compl. ¶ 6, ECF 1.) Defendant recorded a notice of default and election to sell on February 14, 2013, and on May 28, 2013, defendant recorded a Notice Trustee's Sale with a sale date of June 17, 2013. (*Id.* ¶ 9.)

1

On January 31, 2013, plaintiff contacted defendant about modifying the loan, as plaintiff could not meet the "balloon note" provisions and was falling behind on payments. (*Id.* ¶ 6.) Plaintiff asserts that during this contact defendant "stated" his "single point of contact" would be a representative named Coleen. (*Id.* ¶ 6.) Plaintiff further attests that he submitted all requested documents directly to Coleen in a timely manner, but on each occasion in which he submitted requested information, Coleen stated that the submission was somehow incomplete and requested new and different documentation and information. (*Id.* ¶ 7.) Plaintiff's loan application is still pending. (*Id.* ¶ 11.)

Plaintiff pleads six causes of action, but supports only four claims in his memorandum in support of the pending motion for a restraining order. Because plaintiff adequately pleads a violation of California's new "dual tracking" provision contained in California Civil Code § 2923.6(c), the court addresses only that ground for the purposes of the instant motion.

II.     STANDARD

In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

III.     ANALYSIS

The court finds that plaintiff has met his burden in requesting a temporary restraining order. Plaintiff is likely to succeed on the merits of his claim under Civil Code § 2923.6(c); plaintiff has sufficiently demonstrated he is likely to suffer irreparable harm; and the balance of equities and the public interest favor granting a temporary restraining order.

A.     Success on the Merits

Plaintiff has pled sufficient facts demonstrating defendant violated section 2923.6(c) by recording a notice of sale while his first loan modification was pending. Civil Code § 2923.6(c), effective January 2013, provides in relevant part:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

CAL. CIV. CODE § 2923.6(c). Plaintiff alleges 1) that he has submitted a complete application for a loan modification through his mortgage servicer (Compl. ¶ 7); and 2) that defendant recorded a notice of sale while that application is still pending (*id.* ¶¶ 9, 11). While plaintiff does not explicitly allege this application is his *first* loan modification application, the court reasonably infers from plaintiff's allegations — that defendant acquired his note in Fall 2012 and that he contacted defendant for a loan modification in January 2013 — that the currently pending application is plaintiff's first with defendant. (*Id.* ¶¶ 5-6.)

Accordingly, plaintiff has demonstrated a sufficient likelihood of success on the merits. The court expresses no opinion on the validity of the balance of plaintiff's causes of action.

B.     Irreparable Harm

Plaintiff has provided a declaration stating that he will suffer irreparable harm if an injunction is not granted. Plaintiff asserts that if he loses his home in the pending foreclosure

3

sale, he and his family "will have nowhere to go and nowhere to stay." (Dierssen Decl. ¶ 7.) "With respect to irreparable injury, a plaintiff's loss of [] residence is usually sufficient to satisfy this element." *Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-CV-00899 AWI, 2012 WL 2195656, at *1 (E.D. Cal. June 13, 2012) (citing *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150 (9th Cir. 2011)). Plaintiff has satisfied this factor.

  C. Balance of the Equities and the Public Interest

    This temporary restraining order will delay the trustee sale of the property for a short period of time, until the court can hold a hearing on a motion for a preliminary injunction. If this order is not granted, the record before the court supports the conclusion that plaintiff and his family are at risk of becoming homeless. The balance of equities strongly favors plaintiff. Furthermore, the public interest clearly favors issuing a temporary restraining order that upholds the procedural requirements applicable to non-judicial foreclosures. This prong is also satisfied.

IV. CONCLUSION

    Plaintiff's motion for a temporary restraining order is GRANTED. Defendants are temporarily enjoined from conducting the sale of the home located at 30 Lido Circle, Sacramento, California, APN 079-0382-009-0000. The court further orders:

  1. A hearing on plaintiff's motion for a preliminary injunction will be held on June 20, 2013 at 3:00 p.m.;

  2. Defendant shall file its opposition by June 17; and

  3. Plaintiff shall file a reply by June 19.

  IT IS SO ORDERED.

DATED: June 12, 2013.

_____
UNITED STATES DISTRICT JUDGE